FILED
CHARLOTTE, N.C.
DEC 10 1999
U.S. DISTRICT COURT
DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| DOMNICK HUNTER, INC., | ) | CIVIL ACTION NO. 3:99CV491 MU |
| Plaintiff, | ) | |
| - against - | ) | **COMPLAINT FOR DECLARATORY RELIEF** |
| WHATMAN, INC., | ) | |
| Defendant. | ) | |

As and for its Complaint herein, the plaintiff, Domnick Hunter, Inc. (hereinafter referred to as "DH"), alleges and says as follows:

## THE PARTIES

1. DH is a North Carolina corporation with its offices and principal place of business located in Charlotte, North Carolina. DH is engaged in the business of selling hydrogen gas generators (hereinafter referred to as the "DH Generator") in the United States.

2. The defendant, Whatman, Inc. (hereinafter referred to as "Whatman"), asserts that it is a Massachusetts corporation with its principal place of business located in Tewkesbury, Massachusetts. Whatman is registered to do business and has appointed an agent for service of process in North Carolina.

## JURISDICTION AND VENUE

3. This is an action for a declaratory judgment under 28 U.S.C. §2201(a). This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a).

4. Venue of this action in this judicial district is proper under and pursuant to 28 U.S.C. §1391(c).

## FACTUAL ALLEGATIONS

5. Whatman asserts that it is the assignee of United States patent 5,037,518 (hereinafter referred to as the "518 Patent"), entitled APPARATUS AND METHOD FOR GENERATING HYDROGEN AND OXYGEN BY ELECTROLYTIC DISSOCIATION OF WATER, which was issued to Young, et al. on August 6, 1991.

6. On information and belief, Whatman has asserted to customers and/or prospective customers of DH that the DH Generator infringes the 518 Patent, that Whatman will not permit this generator to remain on the market and that any use of this generator by a customer and/or prospective customer of DH would constitute an act of infringement.

7. Whatman filed a civil action (index number 99-801) on November 22, 1999 in the United States District Court for the District of Delaware against Domnick Hunter Holdings, Inc., Domnick Hunter Ltd. and Domnick Hunter Group PLC, asserting that the DH Generator infringes the 518 Patent.

8. The 518 Patent, as it relates to the DH Generator, is non-infringed and/or is invalid.

9. The 518 Patent is also unenforceable due to inequitable conduct in its procurement. More particularly, on information and belief, the 518 Patent applicant, in order to obtain the allowance of the 518 application, impliedly asserted that the prior art did not include a water conductivity sensor - when the applicant knew that this statement was false, inasmuch as such a sensor had previously been used in the General Electric ES 1000 hydrogen gas generator.

This also constituted a knowing and intentional breach of the applicant's duty of candor to the Patent and Trademark Office (hereinafter referred to as the "PTO") under 37 C.F.R. §1.56. The 518 Patent examiner relied upon this knowingly false statement to allow the 518 application, and included it in his reasons for allowance.

10. There is a justiciable controversy between DH and Whatman concerning the noninfringement, invalidity and unenforceability of the 518 Patent with respect to the DH Generator.

11. Accordingly, the plaintiff is entitled to a judicial declaration that the 518 Patent is not infringed by the DH Generator, a judicial declaration that the 518 Patent is invalid as asserted against the DH Generator, a judicial declaration that the 518 Patent is unenforceable, an Order awarding the plaintiff its attorneys' fees pursuant to 35 U.S.C. §285, an Order awarding the plaintiff its costs pursuant to, among other things, Rule 54 of the Federal Rules of Civil Procedure and such other relief as is permitted by law.

**WHEREFORE**, the plaintiff, Domnick Hunter, Inc., respectfully prays that the Court:

1. enter an order and judgment declaring that the 518 Patent is not infringed by the DH Generator;

2. enter an order and judgment declaring that the 518 Patent is invalid as asserted against the DH Generator;

3. enter an order and judgment declaring that the 518 Patent is unenforceable;

4. award the plaintiff its attorneys' fees pursuant to 35 U.S.C. §285;

5. award the plaintiff its costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

6. award the plaintiff such other and further relief as the Court may deem just and proper.

This 10th day of December 1999.

_____
I. Faison Hicks
N. C. State Bar No. 10672


_____
George H. Pretty II
N. C. State Bar No. 16794
Attorneys for the Plaintiff,
Domnick Hunter, Inc.


**OF COUNSEL:**

**PARKER, POE, ADAMS & BERNSTEIN L.L.P.**
2500 Charlotte Plaza
Charlotte, North Carolina 28244
(704) 372-9000

**OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.**
1755 Jefferson Davis Highway
Arlington, Virginia 22202
(703) 413-3000